## MELLOTT v. CAYUGA.

No. 12609—Opinion Filed Jan. 15, 1924.

Rehearing Denied March 18, 1924.

1. **Indians — Descent and Distribution — What Law Governs.**

Under the act of April 28, 1904, c. 1824, 33 St. 573, the Arkansas law of descent and distribution of decedents' estates, as provided in chapter 49, Mans. Dig. ( secs. 2522-2545), was extended over and put in force as to the estates of all tribes of Indians and all other persons, freedmen or otherwise, in the Indian Territory. And the heirs of a deceased member of the Peoria Tribe who died in 1906 inherited under the Arkansas law. Labadie v. Smith, 41 Okla. 773. 140 Pac. 427.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by Fannie Cayuga against George B. Mellott et al. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

P. A. Shinn, Charles B. Wilson, Jr., and Murphey & Duncan for plaintiff in error.

H. C. Towne, for defendant in error.

Opinion by THREADGILL, C. This action was commenced in the district court of Ottawa county by Fannie Cayuga, defendant in error, against George B. Mellott, plaintiff in error and others, to quiet title and cancel certain deeds and vacate certain judgments against the E. ½ of S. W. ¼ of S. E. ¼ of N. E. ¼ of section 21; N. W. ¼ of S. W. ¼ and S. W. ¼ of N. W. ¼ of section 22, T. 29 N., R. 22 E., in Ottawa county.

The facts necessary to understand the question involved in the appeal are substantially as follows:

One Peter McLane, who was a Peoria Indian, had the above described lands allotted to him under the act of Congress of March 2, 1889, chapter 422, 25 Stat. at L. 1013, and died intestate and without issue about May 24 1908, leaving him surviving the plaintiff as his widow, and Ella Blackfish and Emeline E. Prather as his sisters, and Katie Walker White, a half-sister, as his nearest relatives and next of kin.

The plaintiff in error claimed title to the land and was occupying the same through deeds from the sisters on the theory that in 1906 at the time of the death of the allottee, the act of Congress of April 23, 1904, 33 Stat. at L. 573, chapter 1824, extending and putting in force the laws of Arkansas in the Indian Territory, was in force, and that the Peoria Indian Tribe, of which the allottee was a member, was under the laws of descent and distribution as set out in chapter 49 of Mansfield's Digest.

The plaintiff claimed the right to the inheritance of the land and brought her action to quiet the title and for rents and profits on the theory that the Kansas law of descent and distribution was in force according to the act of Congress of March 2. 1889, c. 422, 25 Stat. at L. 1013.

The plaintiff stated in her petition. all the necessary facts to allege a cause of action under her theory of the case. The defendant filed a demurrer to the petition under his theory of the case and the court sustained the demurrer, finding that at the time the allottee died, May 24, 1906, that the laws of descent and distribution of the state of Kansas put in force by the Allotment Act of 1889 over the Peoria Indians were in force and that the widow was entitled to recover the lands and have her title quieted and the deeds and judgment complained of removed as clouds upon her title, and that she should recover $105 against the defendant for use and occupancy for three years last past, and rendered judgment accordingly, and the defendant appealed and brings the case here for review.

The defendant.urges but one question for our consideration and that is whether or not the Kansas law of descent and distribution was in force over the Peoria Indians in 1906, or whether the Arkansas law of descent and distribution was in force.

This court, by a well-considered opinion rendered April 17, 1914, has settled the question presented here in favor of plaintiff in error in the case of Labadie v. Smith, 41 Okla. 773, 140 Pac. 427.

Counsel for defendant in error contends that the holding of the Supreme Court of the United States in a decision rendered December 14, 1914. in the case of Washington v. Miller, 235 U. S. 422, 59 L. Ed. 295, is applicable, and the principles therein stated controlling in the case at bar rather than the Labadie-Smith Case. but we cannot agree with this contention. The Washington-Miller Case involved the question of whether or not the act of Congress of 1904, extending and putting in force the laws of descent and distribution of Arkansas, had the effect of repealing the Supplemental Creek Agreement as to descent and distribution in the Creek Tribe of Indians. and it was held that such was the character and history of this supplemental agreement as special legislation that it was not subject to repeal by implication, but it cannot be successfully contended that the allotment act of Congress of 1889, providing for division of lands among the Peorias and Miamis and putting in force over them the inheritance laws of Kansas was special legislation in the same sense or in any sense as the Supplemental Creek Agreement. We do not think it would serve any useful purpose to enter into a discussion of the differences in the two cases. They are easily accessible and speak for themselves. We think that the Labadie-Smith Case, supra,

is in point and is controlling and settles the question under consideration.

The judgment of the district court should be reversed and the cause remanded, with directions to overrule the demurrer and dismiss the cause of action.

By the Court: It is so ordered.